875 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jolene E. PENDLEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-5562.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1989.
 
 Before KEITH, NATHANIEL JONES and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant appeals from the district court's order affirming the Secretary's denial of disability insurance benefits and supplemental security income. Because we conclude that the Secretary's decision is not supported by substantial evidence, we reverse that decision and remand for further proceedings.
 
 I.
 
 2
 The plaintiff-appellant, Jolene E. Pendley, is a sixty year old woman with a tenth grade education. She stands five feet tall and weighs approximately ninety-five pounds. On May 14, 1970, Pendley filed an application for disability insurance benefits with the Social Security Administration (SSA), claiming that she had been disabled since August of 1969 due to a back injury. Based upon medical evidence indicating that Pendley suffered from chronic disc syndrome, the SSA awarded her benefits dating from August of 1969. Pendley continued to receive disability insurance payments until February of 1984, when the SSA terminated benefits due to Pendley's failure to submit medical evidence showing that she continued to suffer from a disabling condition.
 
 
 3
 Pendley did not request a hearing to challenge the SSA's decision to terminate benefits. Instead, she reapplied for benefits on April 30, 1985, again alleging disability since August of 1969 due to her back condition. Pendley's 1985 application was denied by the SSA upon initial consideration and upon reconsideration. Pendley then requested a hearing before an administrative law judge (ALJ). After conducting an evidentiary hearing, the ALJ issued a decision recommending that Pendley be awarded benefits. The ALJ's decision stated:
 
 
 4
 [C]urrent medical evidence confirms that the claimant does have a history of degenerative disc disease of the lumbar spine, resulting from a history of a herniated or bulging disc causing nerve root compression. Currently, physical examination conducted by Dr. J. Anwarul Quader, a consulting orthopedic specialist, reveals that the claimant does have residual absent left ankle jerk and some sensory loss or numbness in the L5-S1 dermatome pattern. The claimant retains a generally normal range of motion except on extension of the spine and lateral flexion. No muscle spasm is noted but there is significant sensory, reflex and motor deficit. In addition to the degenerative arthritis of the lumbar spine, x-rays demonstrated gross narrowing at the L5-S1 [disc] interspace, as well as osteoporosis of the bones.
 
 
 5
 J.App. at 192. Given the medical evidence of "severe degenerative disc disease of the lumbar spine," as well as Pendley's lack of work experience for the preceding fifteen years, her advancing age, and her limited education, the ALJ concluded that Pendley should be considered disabled.
 
 
 6
 On review, the Appeals Council reversed the ALJ's decision. Regarding Pendley's alleged back condition, the Appeals Council stated:
 
 
 7
 The record shows that the claimant was consultatively examined in May 1985 by a Board-certified orthopedic surgeon [Dr. Quader]. Lumbar x-rays showed degenerative arthritis of the spine with narrowing of the L5-S1 disc space and osteoporosis. The claimant's left ankle jerk was absent but all others were present and symmetrial. The sensory examination revealed some numbness of the left lower leg. The claimant was able to bend her back forward a full 90 degrees but had mild deficits [in] side bending and a moderate deficit bending backwards. However, the claimant's gait was normal and she was able to stand and walk on toes and heels without difficulty. There were no motor deficits, no involuntary muscle spasm or tenderness and no muscular spasm. The straight-leg raising test was negative for evidence of nerve root compression. The claimant was observed to dress and undress, get on and off the examining table and twist and turn remarkably well.... Based upon the ability to walk normally and move her back within normal limits, as well as her full motor strength, mild reflex changes, and lack of muscle spasm and atrophy, which are usually associated with severe back limitations and pain ... the claimant's disc disease does not limit her ability to perform basic work activities such as sitting, standing, walking, lifting or carrying.
 
 
 8
 J.App. at 6. The Appeals Council therefore concluded that Pendley did not suffer from a severe impairment or combination of impairments, and rejected her application at the second stage of the evaluation process.
 
 
 9
 Pendley filed a complaint in the United States District Court for the Western District of Kentucky seeking judicial review of the Secretary's decision. The case was referred to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B) (1982), the magistrate filed a report recommending that the Secretary's motion for summary judgment be granted. The district court thereafter entered an order accepting the magistrate's recommendation, granting the Secretary's motion, and dismissing Pendley's complaint. This appeal followed.
 
 II.
 A.
 
 10
 It is well settled that when substantial evidence supports the Secretary's decision to deny disability benefits, the Secretary's decision must be upheld. Richardson v. Perales, 402 U.S. 389 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 401. It is irrelevant that the record may also contain substantial evidence to support a conclusion other than that reached by the Secretary, or that the reviewing court may have decided the case differently de novo. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986) (per curiam).
 
 B.
 
 11
 In order to establish a prima facie case of entitlement to social security disability benefits, the claimant must first show that she is not performing "substantial, gainful" work activity. 20 C.F.R. Sec. 404.1520 (1988). If the claimant makes this showing, she next must show that she suffers from a "severe" impairment or combination of impairments. The SSA regulations state that if the claimant does not have "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," then the Secretary will find that she does not have a severe impairment. 20 C.F.R. Sec. 404.1520(c) (1988). The regulations further state that examples of "basic work activities" are "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling...." 20 C.F.R. Sec. 1521(b)(1) (1988).
 
 
 12
 In Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir.1985), this court addressed the proper application of the "severity" requirement under the regulations. The Farris court stated:
 
 
 13
 Preceded by the obviously necessary determination of whether the claimant is currently working, and followed by either the determination of disability on medical grounds alone (the listing of impairments) or consideration of residual functional capacity in light of the availability of suitable jobs, the second stage severity inquiry, properly interpreted, serves the goal of administrative efficiency by allowing the Secretary to screen out totally groundless claims.... [A]n overly stringent interpretation of the severity requirement would violate the statutory standard for disability by precluding administrative determination of the crucial statutory question: whether, in fact, the impairment prevents the claimant from working, given the claimant's age, education and experience.... [I]n order to ensure consistency with statutory disability standards, an impairment can be considered as not severe, and the application rejected at the second stage of the sequential evaluation process, only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience."
 
 
 14
 Id. at 89-90 (emphasis added) (quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir.1984)). See also Bowen v. Yuckert, 107 S.Ct. 2287, 2297 (1987) (stating that "[t]he severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely that they would be found disabled even if the age, education and experience were taken into account").
 
 
 15
 In the instant case, it is undisputed that Penley suffers from "degenerative arthritis of the spine with narrowing of the L5-S1 disc space and osteoporosis." J.App. at 6. Although Pendley's disability benefits were terminated because she failed to submit updated medical evidence of a continuing disability, Pendley was awarded benefits from 1970 to 1984 for essentially the same medical condition. While Pendley's back condition may well have improved since the time that she was initially awarded benefits, the objective medical evidence regarding her condition did not change materially between 1970 and 1985. Thus, although Drs. Quader and Lamb appear to conclude in their medical reports that Pendley's back condition is not severe, these conclusions are based upon the same objective medical findings which earlier gave rise to a finding of disability. See J.App. at 121-25 (Medical reports of Dr. Pearson dated July 8, 1970 and May 28, 1971). Given these facts, we do not believe that Pendley has asserted the type of "totally groundless" claim which is subject to dismissal as non-severe under the Secretary's regulations. See Farris, supra. We therefore conclude that the Secretary's decision is not supported by substantial evidence.
 
 III.
 
 16
 For the foregoing reasons, the Secretary's decision is hereby REVERSED, and the case is REMANDED with instructions for the Secretary to continue the sequential disability evaluation process, beginning at step three.